HEYDRICK *against* EATON.

RULE upon the plaintiff to shew cause why the inquisition and condemnation of the defendant's estate should not be set aside, he not having received notice of the time and place of holding the inquest.

T. *Ross* for the defendant argued, that under the act of 21st *March* 1806, 7 *St. Laws* 566, express notice of the inquisition ought to have been given to the defendant, without which he could not claim the right of having it held on the

*An inquisition cannot be supported unless there has been notice in fact to the defendant, either of the levy or of the time and place of holding the inquest.*

1809.

HEYDRICK
*v.*
EATON.

land. But that if this was not necessary, at least he should have had notice of the levy, to prepare him for the subsequent proceedings. In *Snyder* v. *Castor* (*a*) the levy and inquisition were set aside upon the same objection.

(*a*) SNYDER v. CASTOR *administrator* of CASTOR.

This case has been more than once cited for a point, which, although it was made upon the argument, was not decided by the court.

*A levy upon any thing less than a whole tract or lot of land, is void.* A *fi: fa:* to *July* term 1807, was levied on thirty acres of land, the estate of the intestate, and the same was condemned. At *December* term 1807 an affidavit of the defendant was produced, stating that the thirty acres were *part of one whole tract of two hundred acres,* and that he had received no notice of the inquest, nor any information of it, until after it had been held.

Upon this affidavit *Franklin* obtained a rule to shew cause why the levy and inquisition should not be set aside. On the return of the rule a deposition of the deputy who made the levy was read, stating that directly after making the levy he told the defendant what he had been doing, and in a subsequent conversation informed him of the time and place of holding the inquest.

*Franklin* and *Ingersoll* contended that the levy was void by the 11th *section of the act* 21st *March* 1806, being made upon part of a tract; and that formal notice of the inquest should have been given to the defendant.

*S. Levy* and *Hopkinson* shewed cause. The objection to the levy is waived by suffering the *July* term to go by. Such a levy is good if the defendant assents, and his not objecting at the first term is conclusive of his assent. Formal notice of the inquisition is not necessary; any notice is sufficient; the act does not require it, and the use is merely to give an opportunity of calling the inquest on to the land. Here the deputy sheriff swears to information, which is notice enough.

*Reply.* The *July* term is one day, and there is no evidence that the writ was returned on that day. The judge who holds the court has authority to make only such orders as are preparatory to trial, and therefore all he could have done, would have been to stay proceedings, which would have left the plaintiff where he is now. The defendant denies notice. It should be formal written notice, to prevent this collision of testimony.

PER CURIAM. Levying upon any thing less than one whole tract or lot of land with the appurtenances, is clearly against the act of assembly; and we are far from thinking that it was proper before that act; it evidently tends to defeat the design of an inquest. The question then is, has the defendant acquiesced? We think not. There is no evidence, and it is not probable, that the writ was returned on the day; and if it had been, the interference of the court would only have been to stay proceedings until the present term. The court give no opinion upon the point of notice,

*Milnor* for the plaintiff. The rule goes to the inquisition and condemnation only, and therefore it must be presumed the levy was regular and known to the defendant. If this was the case, notice of the inquest was useless; because the levy was sufficient notice of all that was to follow. The act of assembly does not require notice of the inquest to be given to the defendant; the only notice required is from him to the sheriff, if he wishes the inquest to be held on the land; and the levy was an admonition to him to express the wish if he felt it.

TILGHMAN C. J. But did the defendant in fact know of the levy?

*Ross* offered to read the defendant's affidavit that he did not.

*Milnor* objected, upon the authority of *Hoar* v. *Mulvey* (a).

*Court.* The affidavit cannot be read, but the plaintiff must shew notice; the defendant is not bound to prove a negative.

Time was then given to the plaintiff to prove notice of the levy; but at a subsequent day, *Milnor* informed the court that proof could not be obtained.

TILGHMAN C. J. Construe the law as you will, the inquisition must be set aside. It is not necessary to say how the case would be, if there had been notice either of the levy or inquest; but where there has been neither, the proceedings cannot be supported. Here the defendant had no notice of the levy, nor any except the general notice of the inquest, put up in the prothonotary's office. Let the rule be made absolute.

YEATES J. of the same opinion.

BRACKENRIDGE J. I take this occasion to express my opinion, that the notice required by the act, has nothing to do with the levy, but relates solely to the inquisition. The return of the levy is notice; but there does not appear either time or place for holding the inquisition, without notice to

as it is not necessary to the decision of the case; they think the levy was clearly improper, and therefore make the rule absolute.

Rule absolute.

(a) 1 *Binn.* 145.

1809.

HEYDRICK
*v.*
EATON.

the defendant. The object of the act was to prevent surreptitious inquests to procure the condemnation of property, without giving the defendant an opportunity to shew that the rents and profits would pay in seven years. They might be held in an obscure place, or at an unseasonable time; but when notice is given, the defendant may say, hold the inquest on the land.

Rule absolute.